UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

THE ESTATE OF ANGELA ENOCH,
by Roxanne Enoch, Special Administrator;
ASHLEY ENOCH (A Minor) and AMBER
ENOCH (A Minor),

                Plaintiffs,

                Case No. 07-C-376

    -vs-

PATRICK A. TIENOR, R.N., Taycheedah Correctional
Institution (TCI); JUDITH M. STEMPER, R.N., TCI;
JESS M. GONZALEZ, Lieutenant, TCI; LORI A. AMEND,
Sergeant, TCI; TONYA R. ALEXANDER-KRINGS, Correctional
Office, TCI; KEVIN L. BATTERMAN, Sergeant, TCI;
KEVIN D.JONES, Correctional Officer, TCI; BARBARA E.
SWEENEY, Correctional Officer, TCI; ANNE BOYLE, Captain,
TCI; LYNDA SCHWANDT, Security Director, TCI;
DEANNE SCHAUB, Deputy Warden, TCI; ANA BOATWRIGHT,
Warden, TCI; HOLLY MEIER, R.N., Health Services Unit Manager,
TCI; ROSE KLEMAN, Psychologist Supervisor, TCI; STEVEN
MERESS, M.D., Supervising Physician, TCI; JULIA RESCHKE,
M.D., Consulting Psychiatrist, TCI;

and,

JAMES DOYLE, Governor of Wisconsin; MATTHEW FRANK,
Secretary, Wisconsin Department of Corrections (WDOC);
JAMES GREER, Director, WDOC Bureau of Health Services (BHS);
DAVID BURNETT, M.D., Medical Director, BHS; KEVIN KALLAS,
M.D., Mental Health Director, BHS; DONALD HANDS, PhD.,
Psychology Director, BHS; HELENE NELSON, former Secretary
of the Department of Health and Family Services (DHFS),

                Defendants.

**DECISION AND ORDER**

On June 19, 2005, Angela Enoch ("Enoch") committed suicide while housed in the Segregation Unit at Taycheedah Correctional Institution ("TCI"). The above-captioned lawsuit alleges that the defendants infringed upon and violated Enoch's constitutional and statutory rights, thereby causing Enoch's death. The Amended Complaint (Docket No. 30) alleges nine causes of action, including claims for wrongful death (Wis. Stat. § 895.03) and cruel and unusual punishment (federal and state constitution).

The defendants moved to dismiss Count Six (*Monell* Liability) and Count Nine (Violation of Wis. Stat. § 101.11) of the Amended Complaint. The defendants also moved to dismiss all claims against Governor James Doyle, Helene Nelson (former Secretary of the Department of Health and Family Services (DHFS)), and Matthew Frank (Secretary, Wisconsin Department of Corrections (WDOC)).

Defendants move to stay any discovery directed against Doyle, Frank and Nelson pending the Court's decision on the motion to dismiss. Trial courts have "broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Gettings v. Building Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003). Limitations on pretrial discovery are appropriate where claims may be dismissed "based on legal determinations that could not have been altered by any further discovery." *Id.* (quoting *Muzquiz v. W.A. Foote Memorial Hosp., Inc.*, 70 F.3d 422, 430 (6th Cir. 1995)).

In opposing the stay, Enoch argued that "information obtained from these three defendants is crucial to determining if the State's motion for dismissal is warranted."

(Docket No. 44 at 9). However, Enoch eventually responded to the motion to dismiss without the benefit of the discovery she was seeking. (D. 46). In reality, the motion to dismiss challenges the legal sufficiency of the complaint, so discovery is not necessary for the Court to make its ruling as a matter of law.

Further, while Enoch already obtained written discovery from Doyle, Nelson and Frank, she now also wants to depose Doyle and Frank. It is rarely appropriate for high-ranking government officials to be deposed. *See, e.g., United States v. Miracle Recreation Equipment Co.*, 118 F.R.D. 100, 102 (S.D. Iowa 1987) (high government officials enjoy limited immunity from being deposed on the grounds that such officials must be allowed the freedom to perform their duties without the constant interference of the discovery process); *Warzon v. Drew*, 155 F.R.D. 183, 185 (E.D. Wis. 1994) (same). Accordingly, the Court finds that a stay is appropriate with respect to any discovery directed towards Doyle, Nelson and Frank.

There are other motions currently pending in this case, including defendants' motion to stay all discovery in this action until defense counsel can adequately investigate allegations made by one of the defendants (Tonya Alexander-Krings) concerning contact between her and plaintiff's counsel. This motion involves serious allegations of unethical conduct directed against plaintiff's counsel, Attorney James Gende. The defendants noticed Attorney Gende for a deposition to take place February 11, 2008. Attorney Gende moved for a protective order (D. 45), but in his most recent filing (D. 55), Attorney Gende indicates that he agreed to appear at this deposition. If he does appear, Attorney Gende's motion for

-3-

a protective order may be rendered moot. Therefore, the Court will hold Attorney Gende's request for a protective order in abeyance.

As for the defendants' motion for a stay, the Court expects that the legitimacy of a stay will be affected in some manner by what occurs at Attorney Gende's deposition. Therefore, the Court will not act on the motion to stay at this time. In subsequent filings, the defendants requested an order requiring full disclosure concerning the contacts by Gende with Alexander-Krings (D. 50), and the plaintiff moved to strike the reply brief which contains this request. (D. 54). Again, these motions may be rendered moot by the outcome of Attorney Gende's deposition, so the Court will hold them in abeyance.

Other motions are unrelated to the above-mentioned ethical dilemma. The defendants filed a motion for a more definite statement (D. 27), but the Court assumes that this motion was rendered moot by the subsequent filing of a new amended complaint. The defendants moved for a protective order to disallow discovery of "inmate morality review" documents. This motion is fully briefed and will be addressed by the Court at an appropriate time in the future. Finally, the Court is not in a position to decide the merits of the defendant's motion to dismiss (relative to Doyle, Frank and Nelson, discussed above) because it is not fully briefed.

-4-

Case 2:07-cv-00376-LA    Filed 02/11/08    Page 4 of 5    Document 57

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

1. The defendants' motion to stay all discovery directed against Doyle, Frank and Nelson [Docket No. 39] is **GRANTED**. This stay will remain in effect until the Court decides the merits of the defendants' motion to dismiss [Docket No. 36];

2. The defendants' motion for a more definite statement [Docket No. 27] is **DENIED** as moot; and

3. Pending the outcome of Attorney Gende's deposition scheduled for February 11, both parties should brief the Court on the status of the above-described motions, including the defendants' motion for a stay (D. 39), the defendants' request for full disclosure (D. 50), and the plaintiff's motion to strike (D. 54). These briefs should be filed on or before **February 19, 2008**.

Dated at Milwaukee, Wisconsin, this 11th day of February, 2008.

**SO ORDERED,**

s/ Rudolph T. Randa
**HON. RUDOLPH T. RANDA**
**Chief Judge**