# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

THE ESTATE OF ANGELA ENOCH,
by Roxanne Enoch, Special Administrator;
ASHLEY ENOCH (A Minor) and AMBER
ENOCH (A Minor),

                Plaintiffs,

                                                                              Case No. 07-C-376

           -vs-

PATRICK A. TIENOR, R.N., Taycheedah Correctional
Institution (TCI); JUDITH M. STEMPER, R.N., TCI;
JESS M. GONZALEZ, Lieutenant, TCI; LORI A. AMEND,
Sergeant, TCI; TONYA R. ALEXANDER-KRINGS, Correctional
Office, TCI; KEVIN L. BATTERMAN, Sergeant, TCI;
KEVIN D.JONES, Correctional Officer, TCI; BARBARA E.
SWEENEY, Correctional Officer, TCI; ANNE BOYLE, Captain,
TCI; LYNDA SCHWANDT, Security Director, TCI;
DEANNE SCHAUB, Deputy Warden, TCI; ANA BOATWRIGHT,
Warden, TCI; HOLLY MEIER, R.N., Health Services Unit Manager,
TCI; ROSE KLEMAN, Psychologist Supervisor, TCI; STEVEN
MERESS, M.D., Supervising Physician, TCI; JULIA RESCHKE,
M.D., Consulting Psychiatrist, TCI;

and,

JAMES GREER, Director, WDOC Bureau of Health Services (BHS);
DAVID BURNETT, M.D., Medical Director, BHS; KEVIN KALLAS,
M.D., Mental Health Director, BHS; DONALD HANDS, PhD.,
Psychology Director, BHS,

                Defendants.

---

# DECISION AND ORDER

---

This case relates to the suicide of Angela Enoch while she was in state custody at

Taycheedah Correctional Institution (TCI). On August 12, 2008, the plaintiffs (the Estate

of Angela Enoch and her minor sisters, Ashley and Amber Enoch) accepted the defendants' Rule 68 Offer of Judgment. Accordingly, the Court entered judgment in favor of the plaintiffs as follows: $625,000.00 to the Estate of Angela Enoch; $5,000.00 to Ashley Enoch; and $5,000 to Amber Enoch. The judgment also stated that plaintiffs were entitled to "awardable costs and fees accrued through the date of service of the Offer of Judgment." On August 26, the plaintiffs filed a petition for attorney fees and costs. *See* Fed. R. Civ. P. 54(d). In total, plaintiffs request $328,740.42 in fees and costs.[1] Defendants object to the fee petition and request a variety of reductions.

Plaintiffs pursued nine different causes of action in this case, three of which were civil rights actions pursuant to 42 U.S.C. § 1983 (cruel and unusual punishment; equal protection; *Monell* liability).[2] 42 U.S.C. § 1988 provides that in an action or proceeding to enforce provisions of § 1983, "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs" awarded. Plaintiffs also alleged claims under the Americans with Disabilities Act and Section 504 of the Rehabilitation Act; both of those statutes have similar fee shifting statutes. *See* 29 U.S.C. § 794a(b) (Rehabilitation Act); 42 U.S.C. §§ 12132, 12133 (ADA). The remaining claims are state law claims, including a wrongful death claim under Wisconsin law. *See* Wis. Stat. § 895.03.[3] The minor plaintiffs'

---

[1] This includes $278,716.50 in attorney fees and $30,124.55 in costs.

[2] The *Monell* claim was dismissed on July 1, 2008.

[3] Plaintiffs brought a claim under the Wisconsin Safe Place statute (Wis. Stat. § 101.11), which was dismissed on July 1, 2008. Plaintiffs also brought claims for violation of the Wisconsin State Constitution (equal protection, cruel and unusual punishment).

claims were state law loss of consortium claims related to the alleged wrongful death of their sister Angela. There are no fee shifting statutes that apply to the state law claims.

## I.     Guardian ad litem fees

One part of the plaintiffs' fee petition includes a request for fees by the minor plaintiffs' guardian ad litem [GAL], attorney Nathaniel Cade. Pursuant to Fed. R. Civ. P. 17(c), Attorney Cade was appointed GAL "to manage the resolution of [Ashley and Amber Enoch's] claims." Under Rule 54(d), the Court is authorized to tax GAL fees against a non-prevailing party. *See Gaddias v. United States*, 381 F.3d 444, 454 (5th Cir. 2004) (endorsing the holding of *Panitch v. State of Wisconsin*, 451 F. Supp. 132, 136 (E.D. Wis. 1978)). "Such an award is not made pursuant to § 1988, but rather as a necessary consequence of the court's equitable responsibility to protect the interests of minor litigants who cannot protect themselves." *Panitch*, 451 F. Supp. at 136.

Attorney Cade avers that he spent approximately 34 hours working on this matter. Attorney Cade requests full reimbursement of $13,710.62 in costs and fees, most of which was billed at an hourly rate of $365.00. However, there is a distinction between work done as an attorney and work done as GAL. "The [GAL]'s presence is necessitated by the litigation and it is his duty to determine policy regarding litigation. The [GAL] is frequently not an attorney and if legal services are required, he must seek and employ counsel." *Gibbs v. Gibbs*, 210 F.3d 491, 507 (5th Cir. 2000). Accordingly, "the only part of a [GAL]'s expenses that are taxable as costs are those expenses related to his role as the [GAL]." *Dickerson ex rel. Dickerson v. United States*, 280 F.3d 470, 478 (5th Cir. 2002).

Much of the work done by Attorney Cade can only be characterized as legal work. For example, Attorney Cade billed 3.4 hours reviewing and commenting on plaintiffs' Brief in Opposition to Defendants' Motion to Dismiss. *See* D. 184 (Affidavit of Nathaniel Cade, billing entry for 7/16/08). He billed 4.7 hours related to the review of defendants' motion for summary judgment. *Id.* (billing entries for 7/18/08, 7/21/08, 7/22/08). He also directed the librarian employed at his law firm to "pull the entire legislative history of Wis. Stats. 895.04 and prepare a summary memorandum because Defendants' Motion to Dismiss claimed that the minor plaintiffs were not entitled to recover for loss of society and companionship, and [Attorney Cade] needed to determine the strength of that defense." *Id.* (Cade Affidavit, ¶ 6; billing entries for 7/1/08, 7/2/08, 7/3/08). Attorney Cade was appointed to protect the interests of the minor plaintiffs, not to act as legal advisor and researcher for the plaintiffs collectively.[4]

Furthermore, even to the extent that Attorney Cade was acting pursuant to his role as GAL, he should not be compensated at the rate of $365/hour. *See Gaddis*, 381 F.3d at 455 (pursuant to Rule 17(c), district courts have "inherent authority and discretion to determine . . . whether the [GAL] will be compensated for his services; and if so, the basis upon which the value of such services shall be determined, so long as the [GAL] is acting in his [GAL] capacity and not in any attorney ad litem capacity"). Indeed, an hourly rate of $365 is inappropriate because it is based upon Attorney Cade's skill and expertise *as an attorney*.

---

[4] Ironically, Attorney Cade acknowledges as much in a letter to the Court: "The Estate is not my client. Nor are the minor children my client. *My job as GAL is to represent the best interests of the minor plaintiffs, not as an advocate for any party*." D. 196 (emphasis added).

-4-

After reviewing Attorney Cade's Affidavit and the attached billing summaries, the Court finds that $1,500.00 is an appropriate amount to be taxed as GAL fees.[5]

**II.    Plaintiffs' attorney fees**

The "lodestar" figure, obtained by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate, is presumed to be the reasonable fee in a fee-shifting case. *See Hensley v. Eckerhart*, 461 U.S. 424 (1983). The Court may then adjust the lodestar figure in light of various factors.[6] The most important factor is the result obtained in the litigation. Where a party has obtained "excellent results, his attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation, and indeed in some cases of exceptional success an enhanced award may be justified." *Hensley*, 461 U.S. at 435.

Plaintiffs did not achieve "excellent results" in this case. Plaintiffs accepted a total offer of judgment amounting to $635,000, but they hoped to obtain a judgment totaling $10,000,000. When measured plaintiff-by-plaintiff, the success ratio is better for Angela Enoch's Estate ($625,000 judgment versus $5,000,000 in damages alleged in amended

---

[5] Because the minor plaintiffs only recovered $5,000 each, the Court also finds that the GAL's fees should *not* be treated "as an expense to be payable out of any funds recovered by or payable to the minor or incompetent person on whose behalf the [GAL] was appointed." *Gaddis*, 381 F.3d at 455.

[6] These include (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to the acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Hensley*, 461 U.S. at 430 n.3.

-5-

complaint), but much worse for the minor plaintiffs ($5,000 judgment for Ashley and Amber Enoch versus $2,500,000 in alleged damages for both).

Either way, while the plaintiffs are "prevailing parties," they achieved only partial success in this litigation. Under such circumstances, courts look to three relevant indicia to determine an appropriate fee award: "the extent of relief, the significance of the legal issue on which the plaintiff prevailed, and the public purpose served." *Farrar v. Hobby*, 506 U.S. 103, 122 (1992) (O'Connor, J., concurring); *Simpson v. Sheahan*, 104 F.3d 998, 1001 (7th Cir. 1997) (this circuit follows "the three-part test from Justice O'Connor's concurrence in *Farrar* to determine whether a prevailing party achieved enough success in the underlying suit to be entitled to an award of attorney's fees").

Not surprisingly, the most significant of these three factors is "the difference between the judgment recovered and the recovery sought." *Briggs v. Marshall*, 93 F.3d 355, 361 (7th Cir. 1996). As discussed above, the minor plaintiffs' recovery was nominal. However, the Estate's claims were the primary driver for this litigation. That aspect of the case achieved a more respectable measure of success, as the Estate recovered 12.5% ($625,000 compared to $5,000,000) of the hoped-for recovery.

The second factor – the significance of the legal issue on which the plaintiff prevailed – is somewhat difficult to judge since there were multiple claims in this case, all of which were subject to a pending motion for summary judgment at the time the offer of judgment was accepted. In a general sense, the legal issues presented by this case were significant. TCI was subject to a Department of Justice investigation, and the state recently promised to

-6-

Case 2:07-cv-00376-LA    Filed 11/03/08    Page 6 of 8    Document 198

improve mental health care treatment for its female inmates. *See Milwaukee Journal Sentinel*,"Taycheedah Correctional Institution agrees to federal demands," September 6, 2008.[7] Accordingly, the third factor – the public purpose served – is also brought into play, as the damages award should encourage the state to improve conditions at TCI going forward. However, in a more tangible sense, plaintiffs' success was individual; they did not (and could not) request or pursue any sort of injunctive relief.

Ultimately, given that plaintiffs recovered only a small fraction of the damages they were seeking, the fee award should be significantly less than the total amount requested. This is counterbalanced, to some extent, by the public interest factors involved in the underlying lawsuit. Taking these factors into account, along with the arguments presented by the parties in their respective briefs, the Court finds that an award of $100,000 in fees and costs is appropriate.

---

[7] *See* http://www.jsonline.com/news/wisconsin/32563439.html.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

1. Defendants' motion to stay enforcement of judgment pending resolution of the fee petition [D. 176] is **DENIED** as moot;

2. Plaintiffs' motion for attorney fees and costs [D. 179] is **GRANTED**;

3. Attorney Nathaniel Cade is awarded **$1,500.00** in fees for work performed in his capacity as guardian ad litem for the minor plaintiffs Ashley and Amber Enoch; and

4. Plaintiffs are awarded **$100,000.00** in fees and costs.

Dated at Milwaukee, Wisconsin, this 3rd day of November, 2008.

          **SO ORDERED,**

          *s/ Rudolph T. Randa*
          **HON. RUDOLPH T. RANDA**
          **Chief Judge**