# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT

Everett McKinley Dirksen United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604



Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

## NOTICE OF ISSUANCE OF MANDATE

July 21, 2009

To:     Jon W. Sanfilippo
        UNITED STATES DISTRICT COURT
        Eastern District of Wisconsin
        Milwaukee , WI 53202-0000

| No.: 08-4103 | ESTATE OF ANGELA ENOCH, by Roxanne Enoch, Special Administrator, et al., Plaintiffs - Appellants  v.  PATRICK A. TIENOR, Taycheedah Correctional Institution, et al., Defendants - Appellees |
|---|---|

| Originating Case Information: |
|---|
| District Court No: 2:07-cv-00376-RTR Eastern District of Wisconsin District Judge Rudolph T. Randa |

Herewith is the mandate of this court in this appeal, along with the Bill of Costs, if any. A certified copy of the opinion/order of the court and judgment, if any, and any direction as to costs shall constitute the mandate.

If PARTIAL RECORD RETURN:     Record to be returned later

Sealed Envelopes to be returned later:     1

**NOTE TO COUNSEL:**

If any physical and large documentary exhibits have been filed in the above-entitled cause, they are to be withdrawn ten (10) days from the date of this notice. Exhibits not withdrawn during this period will be disposed of.

Please acknowledge receipt of these documents on the enclosed copy of this notice.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Received above mandate and record, if any, from the Clerk, U.S. Court of Appeals for the Seventh Circuit.

**Date:**                                                           **Received by:**

_____                    _____

form name: **c7_Mandate** (form ID: **135**)

# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT

Everett McKinley Dirksen United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604



Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

## BILL OF COSTS

CERTIFIED COPY
A True Copy
Teste:

Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit

July 21, 2009

Taxed in Favor of: <u>Estate of Angela Enoch</u>

| No.: 08-4103 | ESTATE OF ANGELA ENOCH, by Roxanne Enoch, Special Administrator, et al., Plaintiffs - Appellants<br><br>v.<br><br>PATRICK A. TIENOR, Taycheedah Correctional Institution, et al., Defendants - Appellees |
|---|---|

| Originating Case Information: |
|---|
| District Court No: 2:07-cv-00376-RTR<br>Eastern District of Wisconsin<br>District Judge Rudolph T. Randa |

The mandate or agency closing letter issued in this cause on .

BILL OF COSTS issued in the amount of: $240.00.

|   |   | Cost of Each Item | Total Cost Each Item |
|---|---|---|---|
| 1. | For docketing a case on appeal or review or docketing any other proceeding:<br>_____ | _____ | _____ |

2. For reproduction of any record or paper, per page:
   _____  _____  _____

3. For reproduction of briefs:
   _____  $   240.00  _____

4. _____
   _____  _____  _____

5. _____
   _____  _____  _____

   TOTAL:  $   240.00

form name: **c7_BillOfCosts** (form ID: **140**)

# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT

Everett McKinley Dirksen United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604



Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

**FINAL JUDGMENT**



June 29, 2009

BEFORE:
FRANK H. EASTERBROOK, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

| No.: 08-4103 | ESTATE OF ANGELA ENOCH, by Roxanne Enoch, Special Administrator, et al.,<br>Plaintiffs - Appellants<br><br>v.<br><br>PATRICK A. TIENOR, Taycheedah Correctional Institution, et al.,<br>Defendants - Appellees |
|---|---|

| **Originating Case Information:** |
|---|
| District Court No: 2:07-cv-00376-RTR<br>Eastern District of Wisconsin<br>District Judge Rudolph T. Randa |

The judgment of the district court is **REVERSED**, with costs, and the case is **REMANDED** for a calculation of attorney fees and costs. Circuit Rule 36 shall apply on remand. The above is in accordance with the decision of this court entered on this date.

form name: **c7_FinalJudgment** (form ID: **132**)


CERTIFIED COPY
A True Copy
Teste:
Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit

# In the
# United States Court of Appeals
## For the Seventh Circuit

No. 08-4103

ESTATE OF ANGELA ENOCH, by Roxanne Enoch,
Special Administrator, et al.,

*Plaintiffs-Appellants,*

*v.*

PATRICK A. TIENOR, Taycheedah Correctional
Institution, et al.,

*Defendants-Appellees.*

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 07 C 376—**Rudolph T. Randa,** *Chief Judge.*

ARGUED JUNE 1, 2009—DECIDED JUNE 29, 2009

Before EASTERBROOK, *Chief Judge*, and BAUER and EVANS, *Circuit Judges*.

EVANS, *Circuit Judge.* An 18-year-old girl named Angela Enoch managed to commit suicide even though she was on 24-hour suicide watch at Wisconsin's prison for women, the Taycheedah Correctional Institution. Her Estate and her minor sisters, Ashley and Amber Enoch, sued a number of correctional officers and staff,

alleging violations of her civil rights. After a year of contentious litigation, the plaintiffs accepted the defendants' offer of judgment, pursuant to Federal Rule of Civil Procedure 68. The offer was for $635,000, exclusive of attorney fees—a fairly spectacular sum in the realm of prison-related litigation. Despite the hefty judgment, the plaintiffs' request for attorney fees and costs was slashed by two-thirds because, the district judge said, they recovered only 12½ percent of the requested relief in their complaint, which was $5 million for the Estate plus $5 million for the minors.

We review an award of attorney fees under 42 U.S.C. § 1988 for an abuse of discretion. *Sheehan v. Donlen Corp.*, 173 F.3d 1039 (7th Cir. 1999). However, as always, an error of law is, by definition, an abuse of discretion. *Maynard v. Nygren*, 332 F.3d 462 (7th Cir. 2003).

Because the State's offer of judgment was exclusive of attorney fees (a regrettable situation, leading, of course, to more litigation), the plaintiffs filed a motion for attorney fees. Their request was for $328,740.42. The defendants argued that an award of around $220,000 in fees and costs was more appropriate. The judge, however, awarded $100,000 to the plaintiffs, with $1,500 as an appropriate amount to be taxed as fees for the guardian ad litem.

In arriving at this award, the district judge correctly noted that the analysis begins with the "lodestar" figure—that is, the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424 (1983). Recognizing that the lodestar figure may be adjusted based on a number

No. 08-4103 3

of factors, he found that while the plaintiffs were prevailing parties, they achieved "only partial success" in the litigation: they asked for $10 million and received "only" $635,000. For that reason, he looked to three factors set out in *Farrar v. Hobby*, 506 U.S. 103 (1992), to determine an appropriate award: the extent of relief compared to the relief sought, the significance of the legal issue on which the plaintiff prevailed, and the public purpose served. Concluding that the most important of the factors is the difference between the judgment and the recovery sought, which in this case he saw as significant, he cut the award by over 1/3, saying

> [u]ltimately, given that plaintiffs recovered only a small fraction of the damages they were seeking, the fee award should be significantly less than the total amount requested.

The court went wrong when it likened this case to *Farrar*. *Farrar*, and our cases which follow its reasoning, deal with awards to prevailing parties who receive only nominal damages. Joseph Farrar asked for $17 million and was awarded $1. Because of the nominal award, the Court upheld the denial of fees altogether. In *Briggs v. Marshall*, 93 F.3d 355 (7th Cir. 1996), the plaintiffs requested $75,000 and received $4. Using Justice O'Connor's concurrence in *Farrar*, which sets out the three factors used by the district court here for determining whether a prevailing party "who receives only nominal damages is entitled to attorney's fees . . . ," we upheld the denial of fees.

But here, even though the complaint set out an absurd claim for damages, that should not be used against plain-

tiffs who obtained a significant judgment. In cases in which the recovery is not merely nominal—and a $635,000 award in prison litigation can, by no stretch of the imagination, be considered nominal—the *Farrar* analysis is not relevant. In cases which involve more than a nominal award, we have rejected the notion that the fee award should be reduced because the damages were smaller than a plaintiff originally sought or that the fee award might, in fact, be more than the plaintiff's recovery. For instance, we upheld an award of $72,563 in attorney fees when the jury verdict was $30,000:

> This court has repeatedly rejected the notion that the fees must be calculated proportionally to damages. The principle applies equally to purported disproportionality between the relief requested and that received.

*Sheehan*, 173 F.3d at 1048 (citations omitted).

We therefore reverse the district court's order and remand the case for a proper calculation of the award. That said, we also urge the parties to attempt to settle the matter so that the tail can stop wagging the dog. As the Court stated in *Hensley*, "Ideally, of course, litigants will settle the amount of a fee." 461 U.S. at 437.

But if no settlement is reached, the district court must consider the lodestar figure—"the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley*, at 433. The lodestar figure is the "starting point." Once that figure is determined, the court may consider other factors set out in *Hensley*. They include whether the documentation of the

No. 08-4103 5

hours is adequate and whether "billing judgment" was used. Another factor relevant in certain cases is whether, in addition to the claims on which plaintiffs prevailed, there are other claims on which they did not prevail. On the other hand, the district court must consider the results obtained in the litigation. Those results include the monetary award (which as we said is significant) but may also include "important social benefits that are not reflected in nominal or relatively small damages awards." *Riverside v. Rivera*, 477 U.S. 561, 574 (1986). We make no suggestion as to what the fees should be, only as to how they should be calculated. Our order applies only to the award for attorney fees and costs. We see no abuse of discretion in the fees awarded to the guardian ad litem. On that issue we agree with the district court's analysis.

Accordingly, the decision of the district court is REVERSED and the case is REMANDED for a calculation of attorney fees and costs. Circuit Rule 36 shall apply on remand.

6-29-09